RENE L. VALLADARES
Federal Public Defender
State Bar No. 11479
HEIDI A. OJEDA
Assistant Federal Public Defender
Nevada Bar No. 006587
411 E. Bonneville Avenue, Suite 250
Las Vegas, Nevada 89101
(702) 388-6577
(Fax) 388-6261

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOHN BIRMELE,<br><br>　　　　　Defendant/Releasee. | 2:11-cr-00015-LDG-PAL<br><br>**MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br>**(Unopposed by the Office of Probation)** |

COMES NOW, the Defendant and Releasee JOHN BIRMELE, by and through counsel of record, Jason F. Carr, Assistant Federal Public Defender, hereby files this motion to terminate Birmele' probation.  This Motion is brought pursuant to 18 U.S.C. § 3583(e)(1)&(2), Federal Rule of Criminal Procedure 32.1(c), United States Sentencing Guideline Manual § 5D1.2 app. n.5 (2012), and applicable case law.

The grounds for early termination are Birmele's lack of issues with drug possession or use which tie into the revised application notes to United States Sentencing Guideline § 5D1.2 which now encourages courts to exercise its discretion in favor of early termination

DATED this 18th  day of March, 2013.

Respectfully submitted,


*/s/ Heidi A. Ojeda*
HEIDI A. OJEDA
Assistant Federal Public Defender

## **MEMORANDUM OF POINTS AND AUTHORITIES**

On September 30, 2011, this Court entered a written judgment in a criminal case sentencing defendant and supervised releasee John Birmele to a fifteen month sentence with three years of supervised release. (*See* Court Record (CR) 152.)   This Court' sentence was the result of Birmele's pleas of guilty to one count of conspiracy to distribute marijuana and one count of failing to disclose income to Social Security.

The federal Bureau of Prisons released Birmele after completion of his fifteen month term of incarceration on February 9, 2012.

Contact with Birmele's Henry Stegman reveals that Birmele has done well on supervised release with no positive drug tests or any other issues.  Birmele has completed all drug treatment and counseling requests Probation has asked of him.  Birmele has paid off his restitution order of $7,414 that he owed to Social Security.  The Office of Probation does not oppose this motion for early termination.

Authority of termination of supervised release is found in 18 U.S.C. § 3583(e)(1) with further guidance imparted by the application notes to United States Sentencing Guideline Manual § 5D1.2.  The federal Office of Probation also has its own set of procedures found in Monograph 109, Supervision of Federal Offenders.

The Court may terminate the term of supervised release imposed on a felony defendant "at any time after the expiration of one year of supervised release. . .if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1) (2012). The statute instructs the Court to consider the following factors in making its determination:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant
> (2) the need for the sentence imposed-
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (4) the kinds of sentence and the sentencing range established for-
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the [sentencing] guidelines ...

>
> (5) any pertinent policy statement-
> (A) issued by the Sentencing Commission...
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (2012). Subsection 3583(e)(2) has some relevancy to the inquiry as it requires the court to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release. *Cf. United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997).

The Sentencing Commission recently amended Application note five to Sentencing Guideline 5D1.2 to "encourage" courts to exercise its early termination authority. *See* U.S. SENTENCING GUIDELINE MANUAL Appendix C, Amend. 756. "For example, the court may wish to consider early termination of supervised release if the defendant is an abuser of narcotics, other controlled substances, or alcohol who, while on supervised release, successfully completes a treatment program thereby reducing the risk to the public from further crimes of the defendant." U.S. SENTENCING GUIDELINE MANUAL § 5D1.2 app. n.5 (2012).

The standards adopted by the Judicial Conference Committee on Criminal Law in March 2003 elaborate on the statutory criteria and recommend evaluation of nine specific factors when deciding whether to approve early termination of supervised release. *See* MONOGRAPH 109, SUPERVISION OF FEDERAL OFFENDERS. They are:

> 1. stable community reintegration (e.g., residence, family, employment);
> 2. progressive strides toward supervision objectives and in compliance [sic] with all conditions of supervision;
> 3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;
> 4. no history of violence ...
> 5. no recent arrests or convictions...
> 6. no recent evidence of alcohol or drug abuse;
> 7. no recent psychiatric episodes;
> 8. no identifiable risk to the safety of any identifiable victim; and
> 9. no identifiable risk to public safety

*Id.*

Birmele's criminal past is almost nonexistent. No convictions, but many arrests for begging on the streets due to Birmele's inability to work because of his congenital birth defects. A

1  motion for early termination, moreover, is based primarily on the offender's post-release conduct.
2  Here Birmele meets Probation's factors.  Birmele has done well with his community reintegration.
3  Birmele complies with all conditions of supervision, particularly in the drug abuse context.  Birmele
4  has little to no history of violence.

5        Birmele has maintained a positive attitude and has made a favorable impression on his
6  Probation Officer.  At this stage, Birmele wishes to close this chapter of his life and begin another.
7  Given no evidence of criminal recidivism or drug use, Birmele should be afforded that right.

## CONCLUSION

10        For the aforementioned reasons, Mr. John Birmele respectfully request this Court to
11  end his term of supervision early pursuant to Title 18 U.S.C. 3583(e)(1).

12        DATED this 18th day of March, 2013.

13        Respectfully submitted,

15  */s/ Heidi A. Ojeda*
    HEIDI A. OJEDA
    Assistant Federal Public Defender

17  ORDER

19  IT IS SO ORDERED.

20  DATED this _19_ day of March, 2013.

22  _____
23      Lloyd D. George
    Sr. U.S. District Judge